IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

**UNITED STATES OF AMERICA**

v.                                                          Criminal No. **3:11CR64**

**TROY DOUGLAS BAYLOR,**

      Petitioner.

## MEMORANDUM OPINION

Troy Douglas Baylor, a federal inmate proceeding with counsel, brings this successive motion pursuant to 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence ("§ 2255 Motion," ECF No. 169; *see also* Mem. Supp. § 2255 Mot., ECF No. 194).[1] Baylor contends that his convictions and sentences are invalid under *Johnson v. United States*, 135 S. Ct. 2551 (2015). The Government filed its Response contending that Baylor's claims lack merit. (ECF No. 200.) Baylor has filed a Reply. (ECF No. 203.) For the reasons stated below, the § 2255 Motion will be DENIED.

### I. Procedural History

On March 1, 2011, a grand jury charged Baylor with: conspiracy to interfere with commerce by threats and violence, in violation of 18 U.S.C. § 1951(a) ("Hobbs Act robbery") (Count One); four additional counts of Hobbs Act robbery (Counts Two, Five, Eight, and Eleven); use and carry of a firearm in furtherance of a crime of violence, in violation of 18 U.S.C. §§ 924(c)(1)(A)(ii) and 2 (Counts Three, Six, Nine, and Twelve); and possession of a firearm by a felon, in violation of 18 U.S.C. §§ 922(g)(1) and 2. (Counts Four, Seven, Ten, and

---

[1] After Baylor filed his § 2255 Motion, the Court appointed him counsel. Counsel filed a Memorandum in Support of the § 2255 Motion that the Court references for the statement of Baylor's claims and factual support.

Thirteen). (Indictment 1–8, ECF No. 1.) On January 30, 2012, the Government filed a motion to dismiss Counts Five through Ten as to Baylor and his co-defendant and brother, James Baylor. (ECF No. 79.) The Court granted the Government's motion by Order entered on February 1, 2012. (ECF No. 81.) Following trial, a jury convicted Baylor of all the remaining counts. (ECF No. 88, at 1–3.) During sentencing, the Court determined that Baylor qualified as a career offender under United States Sentencing Guidelines ("USSG") §§ 4B1.1(c)(2)(A) and 4B1.4 in light of his prior convictions for crimes of violence. (PSR ¶ 99, ECF No. 165.)[2] Additionally, Baylor qualified for an enhanced statutory sentence under the Armed Career Criminal Act ("ACCA") based on these prior convictions. (*Id.*)[3] On April 24, 2012, the Court entered judgment against Baylor and sentenced him to a total of 624 months of imprisonment. (Am. J. 3, ECF No. 125.)

Baylor, through counsel, filed a Notice of Appeal to the United States Court of Appeals for the Fourth Circuit. (ECF No. 108.) The Fourth Circuit affirmed this Court's judgment. (ECF Nos. 126, 127.) On December 2, 2013, the United States Supreme Court denied Baylor's petition for a writ of certiorari. *Baylor v. United States*, 134 S. Ct. 717 (2013).

By Memorandum Opinion and Order entered on February 16, 2016, the Court denied Baylor's first § 2255 motion. *United States v. Baylor*, No. 3:11CR64, 2016 WL 659100, at *1–7 (E.D. Va. Feb. 16, 2016); (*see* ECF Nos. 156, 157.) On July 19, 2016, the Fourth Circuit granted Baylor permission to file a successive § 2255 motion based on *Johnson v. United States*, 135 S. Ct. 2551 (2015). (ECF No. 174.)

---

[2] The career offender enhancement was based upon Baylor's three Connecticut convictions for 1st Degree Robbery. (*See* PSR ¶ 99.)

[3] Baylor also qualified for an ACCA sentence enhancement pursuant to USSG § 4B1.4 because of his prior felony convictions for Connecticut 1st Degree Robbery. (*See* PSR ¶ 99.)

2

## II. *Johnson v. United States*

In *Johnson v. United States*, the Supreme Court described the impact of ACCA on federal gun laws and noted that:

> Federal law forbids certain people—such as convicted felons, persons committed to mental institutions, and drug users—to ship, possess, and receive firearms. § 922(g). In general, the law punishes violation[s] of this ban by up to 10 years' imprisonment. § 924(a)(2). But if the violator has three or more earlier convictions for a "serious drug offense" or a "violent felony," the [ACCA] increases his prison term to a minimum of 15 years and a maximum of life. § 924(e)(1).

135 S. Ct. at 2555 (citations omitted).

The ACCA defines a violent felony as: "any crime punishable by imprisonment for a term exceeding one year" and "(i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or (ii) is burglary, arson, or extortion, involves use of explosives, *or otherwise involves conduct that presents a serious potential risk of physical injury to another.*" 18 U.S.C. § 924(e)(2)(B) (emphasis added). "The closing words of this definition, italicized above, have come to be known as the Act's residual clause." *Johnson*, 135 S. Ct. at 2556. In *Johnson*, the Supreme Court struck down the ACCA's residual clause as unconstitutionally vague. *Id.* at 2557.

## III. Analysis

In his § 2255 Motion and accompanying Memorandum in Support, Baylor raises three *Johnson*-based challenges to his convictions and sentence:

| | |
|---|---|
| Claim One: | Baylor no longer qualifies for the career offender enhancement under the United States Sentencing Guidelines ("USSG"); |
| Claim Two: | Baylor's firearm convictions under 18 U.S.C. § 924(c) are invalidated; and, |
| Claim Three: | Baylor no longer qualifies for an enhanced sentence under ACCA. |

(*See* Mem. Supp. § 2255 Mot. 4–7.)

### A. Career Offender Challenge

Baylor first asserts that, considering the Supreme Court's recent decision in *Johnson v. United States*, 135 S. Ct. 2551, his enhanced sentence under the USSG as a career offender is unconstitutional. (*See* Mem. Supp. § 2255 Mot. 4–5.) "Recently, the Supreme Court concluded that the Guidelines are not subject to a vagueness challenge under the Due Process Clause. . . . [and that] *Johnson*'s vagueness holding does not apply to the residual clause in [USSG] § 4B1.2(a)(2)." *United States v. Lee*, 855 F.3d 244, 246–47 (4th Cir. 2017) (citation omitted). Thus, Claim One lacks merit and will be DISMISSED.[4]

### B. *Johnson* Did Not Invalidate 924(c) Convictions

In Claim Two, Baylor argues that his § 924(c) convictions in Counts Three and Twelve must be vacated in light of the Supreme Court's decision in *Johnson*.[5] (Mem. Supp. § 2255 Mot. 29–44.) In *Johnson*, the Supreme Court held "that imposing an increased sentence under the residual clause of the [ACCA] violates the Constitution's guarantee of due process." 135 S. Ct. at 2563. Subsequently, in *Welch v. United States*, 136 S. Ct. 1257 (2016), the Supreme Court

---

[4] Baylor also argues that USSG § 4B1.2(a)'s commentary listing robbery as a crime of violence should be disregarded in light of *Johnson* (Mem. Supp. § 2255 Mot. 25–29), and that two of Baylor's prior convictions for robbery fail to qualify as a "crime of violence" under USSG § 4B1.2(a)'s force clause (*id.* at 29). However, these challenges to his base offense level under the guidelines are not cognizable under 28 U.S.C. § 2255. *See United States v. Foote*, 784 F.3d 931, 939–43 (4th Cir. 2015) (holding that career offender designation is not a fundamental defect that results in a complete miscarriage of justice to warrant review of a sentence); *United States v. Pregent*, 190 F.3d 279, 283–84 (4th Cir. 1999) (explaining that "[b]arring extraordinary circumstances" an error in the calculation of sentencing guidelines is not cognizable in a § 2255 motion).

[5] Count Three charged Baylor with using a firearm in conjunction with the Hobbs Act robbery charged in Count Two, and Count Twelve charged Baylor with using a firearm in conjunction with the Hobbs Act robbery charged in Count Eleven. (ECF No. 1, at 2–3, 6–7.) Although Baylor was also charged with and convicted of conspiracy to commit Hobbs Act robbery, he was not charged with use of a firearm in conjunction with that conspiracy.

held that "*Johnson* announced a substantive rule [of law] that has retroactive effect in cases on collateral review." *Id.* at 1268.

Baylor contends that, after *Johnson*, the offense of Hobbs Act robbery can no longer qualify as a crime of violence under 18 U.S.C. § 924(c)(3), and thus, his convictions for Counts Three and Twelve must be vacated. Although Baylor was not sentenced pursuant to ACCA, he asserts that the residual clause of § 924(c) is materially indistinguishable from the ACCA residual clause (18 U.S.C. § 924(e)(2)(B)(ii)) that the Supreme Court in *Johnson* struck down as unconstitutionally vague.[6]

The United States can demonstrate that an underlying offense constitutes a crime of violence if it establishes that the offense is a felony and satisfies either the force clause or the residual clause contained in § 924(c)(3):

> **(A)** [that] has as an element the use, attempted use, or threatened use of physical force against the person or property of another [(the "Force Clause")], or
> **(B)** that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense [(the "Residual Clause")].[7]

*Id.* § 924(c)(3). As explained below, Hobbs Act robbery qualifies as a crime of violence under the Force Clause. As such, the Residual Clause need not be invoked or discussed to decide Baylor's Motion.

---

[6] Section 924(c)(1)(A) provides for consecutive periods of imprisonment when a defendant uses or carries a firearm in furtherance of a crime of violence. The statute mandates an additional period of five years imprisonment. 18 U.S.C. § 924(c)(1)(A)(i). If the defendant brandishes the firearm, the additional period of imprisonment increases to at least seven years. *Id.* § 924(c)(1)(A)(ii). And, if the defendant discharges the firearm, the additional period of imprisonment increases to at least ten years. *Id.* § 924(c)(1)(A)(iii).

[7] The Fourth Circuit recently held that the Residual Clause of § 924(c) is unconstitutionally vague. *United States v. Simms*, 914 F.3d 229, 233 (4th Cir. 2019) (en banc).

5

A defendant is guilty of Hobbs Act robbery if he or she "obstructs, delays, or affects commerce or the movement of any article or commodity in commerce, by robbery ... or attempts or conspires so to do ...." 18 U.S.C. § 1951(a). The statute defines "robbery" as

> the unlawful taking or obtaining of personal property from the person or in the presence of another, against his [or her] will, by means of actual or threatened force, or violence, or fear of injury, immediate or future, to his [or her] person or property, or property in his [or her] custody or possession, or the person or property of a relative or member of his [or her] family or of anyone in his [or her] company at the time of the taking or obtaining.

*Id.* § 1951(b)(1). As this Court has previously concluded:

> a defendant "who commits Hobbs Act robbery by 'fear of injury' necessarily commits it by 'fear of physical force.'" *United States v. Standberry*, No. 3:15cr102, 2015 WL 5920008, at *4 (E.D. Va. Oct. 9, 2015) (citation omitted). This is because "[f]ear is the operative element facilitating the taking," *id.*, and "any act or threatened act which engenders a fear of injury implicates force and potential violence," *id.* (citing *United States v. Castleman*, 134 S. Ct. 1405, 1414–15 (2014)); *see also Castleman*, 134 S. Ct. at 1416–17 (Scalia, J. concurring) ("[I]t is impossible to cause bodily injury without using force 'capable of' producing that result."). Put simply, common sense dictates that any "fear of injury" flows from the fear of physical force.

*United States v. Herstch*, No. 3:17CR92, 2017 WL 4052383, at *4 (E.D. Va. Sept. 12, 2017) (alteration in original). Although the Fourth Circuit has not yet decided whether Hobbs Act robbery satisfies the Force Clause, eight Courts of Appeals have affirmed this conclusion post-*Johnson*.[8] Accordingly, consistent with this Court's earlier decisions, *see id.* at *5, the Court finds that Hobbs Act robbery satisfies the *Force* Clause and therefore constitutes a categorical crime of violence, forming the basis for the § 924(c) charge in Counts Three and Twelve. *See*

---

[8] *See, e.g., United States v. St. Hubert*, 909 F.3d 335, 353 (11th Cir. 2018), *cert. denied*, No. 18-8025, 2019 WL 720786 (U.S. Mar. 25, 2019); *United States v. Melgar-Cabrera*, 892 F.3d 1053, 1066 (10th Cir.), *cert. denied*, 139 S. Ct. 494 (2018); *United States v. Hill*, 890 F.3d 51, 60 (2d Cir. 2018); *United States v. Rivera*, 847 F.3d 847, 848–49 (7th Cir. 2017); *United States v. Buck*, 847 F.3d 267, 275 (5th Cir. 2017); *United States v. Robinson*, 844 F.3d 137, 140–41 (3d Cir. 2016); *United States v. Moreno*, 665 F. App'x 678, 681 (10th Cir. 2016); *United States v. House*, 825 F.3d 381, 387 (8th Cir. 2016); *United States v. Howard*, 650 F. App'x 466, 468 (9th Cir. 2016).

*United States v. Carter*, No. 3:13CR04, 2019 WL 321407, at *10 (E.D. Va. Jan. 24, 2019) (denying § 2255 for identical reasoning).

Lastly, the Court notes that the Fourth Circuit's recent decision in *Simms*, 914 F.3d 229, does not alter the conclusion that each of Baylor's § 924(c) convictions are predicated on a valid crime of violence under the Force Clause of § 924(c)(3)(A). In *Simms*, the defendant pled guilty to *conspiracy* to commit Hobbs Act robbery and to brandishing a firearm during and in relation to a "crime of violence," but later challenged his brandishing conviction on the theory that Hobbs Act *conspiracy* could not be considered a "crime of violence" under 18 U.S.C. § 924(c)(3). *Id.* at 232–33. Initially, the parties and the Fourth Circuit agreed that,

> conspiracy to commit Hobbs Act robbery—does not categorically qualify as a crime of violence under the [Force Clause], as the United States now concedes. This is so because to convict a defendant of this offense, the Government must prove only that the defendant agreed with another to commit actions that, if realized, would violate the Hobbs Act. Such an agreement does not invariably require the actual, attempted, or threatened use of physical force.

*Id.* at 233–34 (citations to the parties' material omitted). Thereafter, the Fourth Circuit held the *Residual* Clause of § 924(c) void for vagueness. *Id.* at 236.

As explained above, unlike conspiracy to commit Hobbs Act robbery, Hobbs Act robbery is a valid crime of violence under the *Force* Clause because it invariably requires the actual, attempted, or threatened used of physical force. *St. Hubert*, 909 F.3d at 351. Accordingly, Baylor's assertion that *Johnson* invalidates his firearm convictions under § 924(c) lacks merit and Claim Two will be DISMISSED.

### C. <u>Baylor Is Not Entitled to Relief on His Enhanced ACCA Sentence</u>

In Claim Three, Baylor contends: "Mr. Baylor no longer qualifies for the ACCA enhancement because his three prior convictions for robbery are not 'violent felonies' following *Johnson*." (Mem. Supp. § 2255 Mot. 8.) Baylor is incorrect. Baylor previously was convicted

7

of at least three first-degree robbery offenses under subsections of Connecticut General Statute § 53a–134.[9] (*See* ECF Nos. 194–2, 1–4; 194–3, at 1–4; PSR ¶¶ 72–74.) For two of Baylor's convictions pursuant to Conn. Gen. Stat. § 53a–134, it is unclear under which subsection he was charged and convicted.[10] However, that is ultimately of no import. Recently, the United States Court of Appeals for the Second Circuit determined that the basic robbery statute, Conn. Gen. Stat. § 53a–133, which is a required element for first-degree robbery convictions under Conn. Gen. Stat. § 53a–134, qualifies as a violent felony for the purposes of ACCA. The Second

---

[9] The robbery statutes in Connecticut consist of a basic robbery definition in Conn. Gen. Stat. § 53a–133 and additional aggravating factors that increase the severity of the robbery offense. The general definition of robbery is as follows:

> A person commits robbery when, in the course of committing a larceny, he uses or threatens the immediate use of physical force upon another person for the purpose of: (1) Preventing or overcoming resistance to the taking of the property or to the retention thereof immediately after the taking; or (2) compelling the owner of such property or another person to deliver up the property or to engage in other conduct which aids the commission of the larceny.

Conn. Gen. Stat. Ann. § 53a–133 (West 2019). The first-degree robbery statute that is relevant here provides the following aggravating factors:

> A person is guilty of robbery in the first degree when, in the course of the commission of a crime of robbery as defined in section 53a–133 or of immediate flight therefrom, he or another participant in the crime: (1) Causes serious physical injury to any person who is not a participant in the crime; or (2) is armed with a deadly weapon; or (3) uses or threatens the use of a dangerous instrument; or (4) displays or threatens the use of what he represents by his words or conduct to be a pistol, revolver, rifle, shotgun, machine gun or other firearm . . . .

Conn. Gen. Stat. Ann. § 53a–134 (West 2019). Therefore, for Connecticut to convict Baylor of first-degree robbery under section 53a–134, the state was required to prove that he committed simple robbery under section 53a–133 and one of the above aggravating factors in section 53a–134.

[10] The state court records for two of the prior first-degree robbery convictions do not identify a statutory subsection. Baylor contests those two convictions no longer qualify as ACCA predicates. (*See* Mem. Supp. § 2255 Mot. 11–12 (citations omitted).) Baylor does not contest that his conviction clearly delineated as one under section 53a–134(a)(4) remains a valid predicate. (*Id.* at 16.)

Circuit explained that, "the use or threat of even minimal force on another person in aid of the theft of that person's property, as required by § 53a–133, is inherently capable of causing pain or injury, with the consequence that *any* violation of § 53a–133 qualifies as an ACCA predicate." *Shabazz v. United States*, 912 F.3d 73, 78 (2d Cir. 2019) (reversing district court decision that found violations of § 53a–134(a)(2) was not a violent felony for ACCA).[11] Thus, Baylor's three prior Connecticut first-degree robbery convictions under § 53a–134 still qualify as violent felonies and remain valid predicates for an enhanced ACCA sentence. Accordingly, Claim Three lacks merit and will be DISMISSED.[12]

## IV. Conclusion

Baylor's § 2255 Motion (ECF No. 169) will be DENIED. Baylor's claims and the action will be DISMISSED.

An appeal may not be taken from the final order in a § 2255 proceeding unless a judge issues a certificate of appealability ("COA"). 28 U.S.C. § 2253(c)(1)(B). A COA will not issue

---

[11] As background for the Second Circuit's opinion, see *Shabazz v. United States*, No. 3:16–CV–1083 (SRU), 2017 WL 27394, at *14–15 (D. Conn. Jan. 3, 2017), the decision that the Second Circuit reversed.

[12] The Government argues that even if one of Baylor's prior first-degree robbery convictions was found not to be valid predicate for ACCA, and he no longer qualified for the ACCA sentence, any error would be harmless. (Resp. 6 (citations omitted).) Baylor received a 624-month total sentence. (Am J. 3.) This prison term was comprised of three concurrent 240-month sentences on the Hobbs Act robberies (Counts 1, 2, and 11) and two concurrent 180-month sentences for possession of a firearm by a convicted felon (the ACCA offenses, Counts 4 and 13), which were also concurrent with the 240-month sentences. For his two convictions for using, carrying, and brandishing a firearm, Baylor received an 84-month sentence, and a subsequent 300-month sentence (Counts 3 and 12), both of which ran consecutive to all other sentences. (*Id.*) Even if the Court were to find invalid the enhanced 180-month sentences under ACCA for Counts 4 and 13, this would not affect Baylor's 624-month sentence as these sentences are concurrent. *Cf. United States v. Reed*, 830 F.3d 1, 6–8 (1st Cir. 2016) (finding any error in application of ACCA enhanced sentence harmless because it had no impact on ultimate sentence). Moreover, Baylor would still qualify for a five-year term of supervised release because his sentence would remain the same. (*See* PSR ¶ 165.)

unless a prisoner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This requirement is satisfied only when "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 & n.4 (1983)). Baylor has not satisfied this standard. Accordingly, a COA will be DENIED.

An appropriate Order will accompany this Memorandum Opinion.

/s/
M. Hannah Lauck
United States District Judge

Date: APR 2 4 2019
Richmond, Virginia